**YU WANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73894.
Agency No. A95–184–082.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

Patricia M. Boag, Esq., Los Angeles, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Elizabeth J. Stevens, Esq., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Yu Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we grant the petition.

Substantial evidence does not support the IJ's adverse credibility finding. Petitioner's asylum claim is based on his arrest for holding a series of Christian meetings at his home in China. The IJ found that petitioner was not credible based on several minor inconsistencies and implausibilies not going to the heart of petitioner's religious asylum claim. Two discrepancies were noted regarding dates, which are minor discrepancies that cannot support an adverse credibility finding. *See Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988) (stating that "[m]inor inconsistencies ... such as discrepancies

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding").

The IJ's finding that the petitioner failed to testify in a "high spiritual tone" about "his love of God" is improper speculation regarding how petitioner expresses his faith and cannot support an adverse credibility finding. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000). Similarly, speculation regarding why petitioner would hold religious meetings close to where a committee member lived and why petitioner's wife was not arrested, when she did not attend the meeting where the arrest occurred, is improper conjecture. *See id.*

◼ The IJ's finding that it was implausible that the petitioner had difficulty communicating on the flight to the United States, did not look at his passport when he arrived, and did not have a conversation with an immigration inspector in Mandarin, are minor facts not going to the heart of his claim. *See Singh v. Ashcroft*, 301 F.3d 1109, 1113 (9th Cir.2002) (holding that discrepancy involving where a political rally was held was minor and could not be viewed as an attempt to enhance the persecution claim and thus had no bearing on credibility). Whether petitioner's pastor in the United States told him that a second baptism would "cleanse" him is also a fact unrelated to his religious persecution in China and thus cannot support an adverse credibility finding. *See id.* The finding that the petitioner testified in narratives lacking in detail is not supported by the record. Finally, since the noted inconsistencies were not substantial, petitioner was also not required to provide corroboration

of his claim. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000).

Accordingly, we conclude that substantial evidence does not support the adverse credibility determination and deem petitioner credible. We remand for the BIA to consider the merits of petitioner's asylum, withholding of removal, and CAT claims. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION GRANTED AND REMANDED.